FINSILVER v. MANHATTAN STORAGE & WAREHOUSE CO.

(Supreme Court, Appellate Term.   May 18, 1911.)

1. EVIDENCE (§ 513*)—EXPERTS—ACTIONS FOR INJURY TO GOODS.
   In an action against a warehouseman for damages to a piano player shipped from a distant city in care of the warehouseman, expert evidence of the cost of putting the piano player in first-class condition is inadmissible, in the absence of proof that it was in such condition when delivered to the carrier, and actually or presumptively in such condition when delivered to the warehouseman.
   [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 513.*]

2. WAREHOUSEMEN (§ 34*)—INJURY TO GOODS—EVIDENCE.
   Plaintiff, suing a warehouseman for damages to goods shipped from a distant city in care of the warehouseman, must show the condition of the goods at the time they were shipped, or when they came into the warehouseman's possession.
   [Ed. Note.—For other cases, see Warehousemen, Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles Finsilver against the Manhattan Storage & Warehouse Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Lehmaier & Pellet (William W. Pellet, of counsel), for appellant.
Irving S. Dorf, for respondent.

GUY, J.   The defendant appeals from a judgment rendered by the court, without a jury, in favor of plaintiff, in an action brought against the defendant, a warehouseman, for damages to a piano player shipped by plaintiff from Chicago, in care of defendant. The answer is a general denial.

In November, 1910, plaintiff, who had moved from Chicago to New York, wrote to defendant, stating that he had ordered certain household goods to be shipped from Chicago in defendant's care. Among the goods received by defendant subsequently was the piano player in question. The evidence shows that the other goods, shipped at the same time, reached defendant in a badly damaged and broken condition, and that plaintiff presented to the railroad company a claim for such damage to the other articles shipped, which claim was paid. No evidence was introduced showing the condition of the piano player at the time it was delivered to the railroad company in Chicago, except that it had been purchased a year or more previously and subjected to

seven months' use. Neither is there any evidence to show in what condition it was delivered to the defendant. There is some evidence that, when being moved into plaintiff's house, it was roughly handled by defendant's employés in a manner which might have caused some of the damage complained of; but the evidence is very meager and indefinite on that point, and not sufficient to sustain a verdict for the entire damage to the piano player from the time of shipment until its ultimate delivery to plaintiff.

[1] Expert evidence as to the cost of putting the piano player in first-class condition was improperly admitted, over defendant's objection and exception, in the absence of proof that it was in first-class condition when delivered to the railroad company in Chicago, and actually or presumptively in such condition when delivered to the defendant.

[2] It is essential to plaintiff's recovery that proof should be presented showing the condition of the piano player at the time it was shipped, or at the time it came into defendant's possession. In the absence of such proof, a judgment in favor of the plaintiff cannot stand.

The judgment herein must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.